UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00153-GNS

VELMA ENGLAND                                                           PLAINTIFF


v.


THE HARTFORD FINANCIAL
GROUP, INC.                                                            DEFENDANT


### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Hartford Financial Group, Inc.'s

Motion to Dismiss (DN 7).  For the following reasons, the Court will hold Defendant's Motion to

Dismiss (DN 7) in abeyance and Plaintiff will be granted thirty days to amend her Complaint.

### I.        BACKGROUND

Plaintiff Velma England ("England") alleges that she applied for disability benefits under

a disability insurance policy and that Defendant Hartford Life and Accident Company[1]

("Hartford") improperly terminated said benefits.   (Notice Removal Ex. A, ¶¶ 1-7, DN 1-2

[hereinafter Compl.]).   Policy No. GLT-206375 ("the Policy") was issued by Hartford to

England's employer, Johnson Controls, Inc. ("Johnson Controls"), as part of employee welfare

benefit plan ("the Plan").  (Compl. ¶ 3).  England began receiving LTD benefits on September

17, 2002.  (Compl. ¶ 4).

On September 2, 2015, Hartford terminated England's LTD benefits.   (Compl. ¶ 5).

England filed this action in the Metcalfe Circuit Court on or about August 5, 2016, claiming that

---

[1] Defendant was incorrectly named in the Complaint as The Hartford Financial Group
Incorporated.

the failure to pay benefits is actionable under the Kentucky Unfair Claims Settlement Practices Act ("KUCSPA"), KRS 304.12-230. (Compl. ¶ 7). England sought past and future benefits, interest, punitive damages, and attorneys' fees. (Compl. ¶ 8). Hartford subsequently removed the case to this Court on the basis of preemption by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. (Notice Removal, DN 1).

## II.      JURISDICTION

This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

## III.      STANDARD OF REVIEW

A complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must also contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly v. Bell Atl. Corp.*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, the Court "is not bound to accept as true unwarranted factual inferences, or legal conclusions unsupported by well-pleaded facts." *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 276 (6th Cir. 2010).

## IV.      DISCUSSION

Hartford contends that England's state law claims are preempted by ERISA, and therefore, moves to dismiss the Complaint. (Def.'s Mem. Supp. Mot. Dismiss 4-8, DN 7-1). England argues that a ruling on Hartford's Motion to Dismiss would be premature. (Pl.'s Resp.

Def.'s Mot. Dismiss 3-4, DN 8).  Although England "expects that it will probably be so" she

asserts that there is no evidence in the record to determine if the Policy is regulated under

ERISA.  (Pl.'s Resp. Def.'s Mot. Dismiss 3-4).

## A.      Existence of ERISA Plan

ERISA regulates employee benefit plans established by employers or organizations that

represent employees, known as "employee welfare benefit plans."[2]   29 U.S.C. § 1003(a).

Hartford attached the Policy as an exhibit to its Notice of Removal.  (Notice Removal Ex. B, at

22, DN 1-3 [hereinafter Policy]).  In determining whether a plan is an employee welfare benefit

plan, a court must undertake a three-step factual inquiry.  *Thompson v. Am. Home Assur. Co.*, 95

F.3d 429, 434 (6th Cir. 1996).  First, the court applies "the so-called 'safe harbor' regulations

established by the Department of Labor to determine whether the program was exempt from

ERISA."  *Id.* (citing *Fugarino v. Hartford Life & Accident Ins. Co*., 969 F.2d 178, 183 (6th Cir.

1992)).  The "safe harbor" regulations exclude a plan from ERISA coverage if:  (1) the employer

does not make any contribution to the policy; (2) employee participation in the policy is

voluntary; (3) "the employer's sole functions are, without endorsing the policy, to permit the

---

[2] ERISA defines an "employee welfare benefit plan" as:

> The terms "employee welfare benefit plan" and "welfare plan" mean any plan,
> fund, or program which was heretofore or is hereafter established or maintained
> by an employer or by an employee organization, or by both, to the extent that
> such plan, fund, or program was established or is maintained for the purpose of
> providing for its participants or their beneficiaries, through the purchase of
> insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or
> benefits in the event of sickness, accident, disability, death or unemployment, or
> vacation benefits, apprenticeship or other training programs, or day care centers,
> scholarship funds, or prepaid legal services, or (B) any benefit described in
> section 186(c) of this title (other than pensions on retirement or death, and
> insurance to provide such pensions).

29 U.S.C. § 1002(1).

insurer to publicize the policy to employees, collect premiums through payroll deductions and remit them to the insurer;" and (4) no consideration is received by the employer "in connection with the policy other than reasonable compensation for administrative services." *Id*. at 435 (citing 29 C.F.R. § 2510.3-1(j)).

Only if a plan meets all four criteria is it excluded from ERISA coverage. *Id*. (citing *Fugarino*, 969 F.2d at 183). An examination of the Policy reveals that the "safe harbor" regulations do not exclude the Plan from ERISA coverage because, at a minimum, it is clear from the Policy that Johnson Controls contributes to the policy. (Policy 22 ("Sources of Contribution -- The Employer pays the premium for the insurance, but may allocate part of the cost to the employee.")). Thus, the plan cannot meet all four "safe harbor" criteria to exclude it from ERISA coverage.

Second, the district court is to determine whether a "plan" existed "by inquiring whether 'from the surrounding circumstances a reasonable person [could] ascertain the intended benefits, the class of beneficiaries, the source of financing, and procedures for receiving benefits.'" *Thompson*, 95 F.3d at 434-35 (quoting *Int'l Res., Inc. v. N.Y. Life Ins. Co*., 950 F.2d 294, 297 (6th Cir. 1991)). The Court concludes that the Policy is clearly a "plan." The policy recites the intended benefits and the procedures the insured must follow to receive those benefits. (Policy 14-20). Significantly, the Plan labels itself an "employee welfare benefit plan," cites ERISA requirements, and includes a "Statement of ERISA Rights." (Policy 21-24 ("You are entitled to certain rights and protections under [ERISA]. ERISA provides that all plan participants shall be entitled to . . . .")).

Third, "the court must ask whether the employer 'established or maintained' the plan with the intent of providing benefits to its employees." *Thompson*, 95 F.3d at 435 (citations

omitted).   The Policy was undoubtedly issued to provide benefits to employees of Johnson

Controls.   Its provisions demonstrate that Johnson Controls, England's employer, is the

policyholder, and the policy provides benefits to employees of Johnson Controls in the event of

disability.   (Policy 3-4).   *See Richie v. Hartford Life & Accident Ins. Co.*, No. 2:09-CV-00604,

2010 WL 785354, at *4 (S.D. Ohio Mar. 5, 2010) ("The [third] prong of the test to determine if

the Policy qualifies as an ERISA plan is established by the fact that the Policy clearly defines

Media General, Inc., Decedent's employer, as the Policyholder.").

Because the Policy language clearly indicates that Johnson Controls established and

maintained the Policy with the intent of providing benefits to its employees, and that the safe

harbor provisions do not apply, the Policy is a qualified plan for purposes of ERISA.

**B.      Preemption of State Law Claims**

Having found that the Policy is an ERISA-governed plan, the Court turns to whether

ERISA preempts England's claims under KUCSPA.   In *Aetna Health Inc. v. Davila*, 542 U.S.

200 (2004), the Supreme Court set out the following test for complete preemption under ERISA:

> [I]f an individual brings suit complaining of a denial of coverage for medical care,
> where the individual is entitled to such coverage only because of the terms of an
> ERISA-regulated employee benefit plan, and where no legal duty (state or
> federal) independent of ERISA or the plan terms is violated, then the suit falls
> within the scope of ERISA § 502(a)(1)(B).   *In other words, if an individual, at*
> *some point in time, could have brought his claim under ERISA § 502(a)(1)(B),*
> *and where there is no other independent legal duty that is implicated by a*
> *defendant's actions, then the individual's cause of action is completely pre-*
> *empted by ERISA § 502(a)(1)(B).*

*Id.* at 210 (emphasis added) (internal citation omitted).   Put differently, a claim will be

preempted if:   (1) the plaintiff complains about the denial of benefits to which he is entitled

"only because of the terms of an ERISA-regulated employee benefit plan"; and (2) the plaintiff

does not allege the violation of any "legal duty (state or federal) independent of ERISA or the plan terms . . . ." *Id*. at 210 (citation omitted).

The basis of England's KUCSPA claim is that Hartford denied her LTD benefits that she was owed under the policy. Even taking all reasonable inferences in favor of England, such allegations directly relate to the Policy that, as discussed above, is regulated by ERISA. *See Caffey v. Unum Life Ins. Co*., 302 F.3d 576, 582 (6th Cir. 2003) ("We have recognized the broad sweep of ERISA's preemption provision in relation to state law causes of action based upon an improper denial of benefits, noting that 'virtually all state claims relating to an employee benefit plan are preempted by ERISA.'" (quoting *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991))). Moreover, England's KUCSPA claim does not seek to correct any violation of a legal duty that is independent of ERISA. Accordingly, both prongs of the *Davila* test for complete preemption are met in this case. Therefore, the Court concludes that England's KUCSPA claim is preempted by ERISA.

## C.     England's Motion for Leave to Amend

In England's Response to Hartford's Motion to Dismiss she requested to be allowed to amend her complaint to assert claims under ERISA for denial of benefits if the Court determined that the KUCSPA claims were preempted. (Pl.'s Resp. Def.'s Mot. Dismiss 2). The Court will construe this request as a Motion for Leave to Amend. The Court does not believe that Hartford will be prejudiced if England is permitted to amend the Complaint to add the ERISA claims since these claims are based on the same or similar facts already pleaded by England in support of her state law claims. *See Marquette Gen. Hosp., Inc. v. Starmark Ins. Co*., No. 2:11-CV-31, 2011 WL 2118582, at *4 (W.D. Mich. May 26, 2011) ("In cases such as this, where the plaintiff's state law claim is preempted by ERISA, the plaintiff should be afforded an

opportunity to amend its complaint to request appropriate relief under ERISA § 502(a)." (citing

*Jass v. Prudential Health Care Plan, Inc*., 88 F.3d 1482, 1491 (7th Cir. 1996); *Alley v.*

*Resolution Tr. Corp*., 984 F.2d 1201, 1202 (D.C. Cir. 1993))); *see also Birchwood Conservancy*

*v. Webb*, 302 F.R.D. 422, 424 (E.D. Ky. 2013) ("Rule 15(a)(2) of the Federal Rules of Civil

Procedure provides that leave to amend a pleading should be 'freely given when justice so

requires.'" (quoting Fed. R. Civ. P. 15(a)(2))).  In fact, Hartford does not oppose the motion and

notes in its reply that it is appropriate for the Court to dismiss the Complaint without prejudice or

to allow England to amend her complaint to assert claims under ERISA.  (Def.'s Reply 4).  This

so being, the Court will hold in abeyance Hartford's motion to dismiss and allow England thirty

days to amend her Complaint to include an ERISA claim.

## V.     CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to

Dismiss (DN 7) is **HELD IN ABEYANCE** and Plaintiff is granted leave to amend the

Complaint.  Plaintiff will have thirty days to amend her pleadings to assert an ERISA claim; if

Plaintiff fails to amend the Complaint within thirty days, the Court will dismiss the claims

without prejudice

**Greg N. Stivers, Judge**
**United States District Court**
May 17, 2017

cc:     counsel of record

7